**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

UNITED STATES OF AMERICA,

Plaintiff,

v.

EDGAR MARTINEZ-SANCHEZ (2),

Defendant.

Case No. 17-cr-29 (JNE/TNL)

**REPORT AND RECOMMENDATION**

---

Allen A. Slaughter, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government);

Ralph E. Meczyk, Ralph E. Meczyk & Associates, 111 West Washington Street, Suite 1025, Chicago, IL 60602 (for Defendant Edgar Martinez-Sanchez).

---

On November 14, 2017, Defendant Edgar Martinez-Sanchez, represented by counsel, appeared before the undersigned United States Magistrate Judge pursuant to Federal Rule of Criminal Procedure 11 and entered a plea of guilty to Count 1 of the Superseding Indictment. (*See* ECF No. 115). After cautioning and examining Defendant under oath concerning subjects related to a guilty plea, including the subjects set forth in Rule 11, the Court determined that the guilty plea was voluntary and knowing, and the offense charged was supported by a sufficient factual basis containing each of the elements of the offense. This Court therefore recommends that Defendant's plea of guilty be accepted.

At the commencement of the hearing, the undersigned informed Defendant of his right to have an Article III judge, the Honorable Joan N. Ericksen, United States District

Judge for the District of Minnesota, preside over the change of plea hearing. *See United States v. Cortez-Hernandez*, 673 F. App'x 587, 588 (8th Cir. 2016) (per curiam). The parties were informed that, should the undersigned conduct the hearing, the assigned Article III judge will conduct a *de novo* review of the record to decide whether to accept Defendant's plea. *United States v. Torres*, 258 F.3d 791, 795–96 (8th Cir. 2001). All parties and counsel consented to the undersigned conducting the change of plea hearing.

Before being placed under oath, Defendant was informed that the Government can prosecute him for perjury or for making a false statement should he lie under oath during the change-of-plea hearing and the Government could use any statements he made under oath in such a prosecution. Fed. R. Crim. P. 11(b)(1)(A).

Defendant acknowledged he received a copy of the Superseding Indictment, had an opportunity to review and discuss it with his attorney, and waived reading of the Superseding Indictment. Defendant acknowledged he received a copy of the Plea Agreement and Sentencing Stipulations (hereinafter "Plea Agreement"), (*see* ECF No. 116), and had an opportunity to review and discuss it with his attorney. Defendant's counsel confirmed he had conveyed all the Government's formal plea offers to Defendant. *Missouri v. Frye*, 566 U.S. 134 (2012).

The Court then asked a number of questions to ensure that Defendant had the mental capacity to enter the plea and that the plea was voluntary. Defendant stated his full name, his age and date of birth, that he was born in Mexico and is not a United States citizen, and that he received a four-year college degree in Mexico. Defendant is a native Spanish speaker and communicated in court through the use of an interpreter. Outside of

the Plea Agreement, no one had made any promise or assurance to Defendant to persuade him to plead guilty, and no one had threatened Defendant to plead guilty. Defendant reported no drug or alcohol addictions, no recent drug or alcohol use, no prescribed medication use, and no present treatment by doctors, psychiatrists, psychologists, or therapists. Defendant had a clear head and understood what he was doing. From the inquiry, the Court determined Defendant was not suffering from any mental disability that would impair his ability to offer a knowing, intelligent, and voluntary plea of guilty to the charged offense.

The Court then discussed Defendant's rights as outlined in Federal Rule of Criminal Procedure 11, including: the right to persist in his not guilty plea; the right to public trial by jury comprised of 12 individuals from a cross-section of the community; the right to a speedy trial; the presumption of innocence; the right to require the Government to meet its burden of proving Defendant's guilt beyond a reasonable doubt; the requirement that the jury agree unanimously to find Defendant guilty; the right to an attorney at every stage of the criminal proceeding; the right to confront and cross-examine witnesses and to compel the attendance of witnesses; the right to choose to testify or not and that no one can compel Defendant to testify; and the right to present evidence and challenge the Government's evidence. Fed. R. Crim. P. 11(b)(1)(B)–(E). Defendant understood he would waive these rights should he plead guilty. Fed. R. Crim. P. 11(b)(1)(F). Defendant indicated that his counsel answered all his questions about his rights, the plea, and this case, and that he was satisfied with his counsel's representation.

The Court then advised Defendant of the nature of the charges against him. Fed. R. Crim. P. 11(b)(1)(G). Under Count 1, the Government charges Defendant with Conspiracy to Distribute Cocaine and Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. (ECF No. 31, at 1–2). The Government alleges that Defendant knowingly and intentionally conspired with his co-defendants and others to possess with the intent to distribute, and to distribute, a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance. (ECF No. 31, at 1–2). The Government alleges Defendant possessed five kilograms or more of a mixture and substance containing cocaine and 500 grams or more of a mixture and substance containing methamphetamine. (ECF No. 31, at 1–2). The Court also noted Defendant was charged with nine other counts in the Superseding Indictment: Count 2 charges distribution of cocaine; Counts 3 through 9 charge distribution of methamphetamine; and Count 10 charges possession with intent to distribute cocaine and methamphetamine. (ECF No. 31, at 3–7). Pursuant to the Plea Agreement, the Government agrees to dismiss Counts 2 through 10 at sentencing. (ECF No. 116, at 1). The Government then elicited a full and complete factual basis for all elements of Count 1 of the Superseding Indictment. (*See* ECF No. 116, at 2–4).

The Court advised Defendant he faces a maximum possible punishment of life imprisonment and a $10,000,000 fine. 21 U.S.C. § 841(b)(1)(A); Fed. R. Crim. P. 11(b)(1)(H). Defendant was informed of the mandatory minimum sentence of 10 years' imprisonment and a supervised release term of at least five years and up to life. 21 U.S.C.

§ 841(b)(1)(A); Fed. R. Crim. P. 11(b)(1)(I). The Court also noted that while there may be safety valve provisions that lower the minimum sentence, there is no promise that Defendant is safety-valve eligible and that the Government may challenge Defendant's eligibility at sentencing.

Defendant was informed he would be imposed a special assessment of $100 for a felony conviction. Fed. R. Crim. P. 11(b)(1)(L). Defendant was also informed that the Court may also impose other assessments, including the costs of prosecution, imprisonment, and supervision, and that, as a result of a felony conviction, he may also face the possible loss of eligibility for federal benefits. Defendant was informed that the Court has the authority to order, or may be required to order under the Mandatory Victims Restitution Act, that he make restitution to any victim of the offense. Fed. R. Crim. P. 11(b)(1)(K).

Defendant was informed that the Court may require him to forfeit certain property to the Government, and that, through the Superseding Indictment, the Government seeks forfeiture of certain property. Fed. R. Crim. P. 11(b)(1)(J). The Court noted that, in the Plea Agreement, Defendant agrees to forfeit "all property constituting, or derived from proceeds obtained from the offense, and all property used, in any manner or part, to commit or to facilitate the commission of the offense." (ECF No. 116, at 12–13).

Defendant was informed there may be possible adverse immigration and related consequences as a result of his plea, including without limitation, removal, deportation, exclusion, or voluntary departure, and other actions preventing Defendant from obtaining U.S. citizenship and denying Defendant admission to the United States in the future. Fed.

R. Crim. P. 11(b)(1)(O). Defendant indicated he had discussed and understood these possible consequences with his attorney. *Padilla v. Kentucky*, 559 U.S. 356 (2010).

Defendant was informed that the Court has an obligation to calculate the applicable sentencing-guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3551 *et seq*. *See* Fed. R. Crim. P. 11(b)(1)(M); 18 U.S.C. § 3553(a). Defendant was informed that, while the Plea Agreement provides the parties' beliefs as to the proper advisory Sentencing Guidelines calculations, (*see* ECF No. 116, at 5–8), the Court is not bound by the Plea Agreement. Defendant indicated he had an opportunity to discuss the advisory Sentencing Guidelines and how they might apply to his case. Defendant was informed that, pursuant to the Plea Agreement, the parties reserve the right to make a motion for departures from the applicable Sentencing Guidelines and to oppose any such motion made by the opposing party. (ECF No. 116, at 5–8). Defendant was also informed that the parties reserved the right to argue for sentences outside the Sentencing Guidelines. (ECF No. 116, at 5–8).

Defendant was informed that Judge Ericksen, the assigned Article III judge, and not the undersigned, will determine an appropriate sentence after the preparation of a presentence report, which the parties will have the opportunity to challenge. Defendant was informed the sentence imposed may be different from the sentence estimated by his attorney or the Government. Defendant understood that, as part of the Plea Agreement, he was waiving his right to appeal his sentence under 18 U.S.C. § 3742 should the Court

impose a sentence at or below 293 months' imprisonment. Fed. R. Crim. P. 11(b)(1)(N); (ECF No. 116, at 8–9).

Defendant was informed that parole has been abolished and that if he is sentenced to prison he will not be released on parole.

Defendant was informed that, once the Court accepts his plea, he may withdraw the guilty plea before he is sentenced only if he can show a fair and just reason for requesting withdrawal. Fed. R. Crim. P. 11(d). Defendant also understood that, once the Court accepts his plea and he is sentenced, he cannot withdraw his guilty plea. Fed. R. Crim. P. 11(e). Defendant understood he was waiving the right to appeal any judgment of guilt and conviction in this matter.

Following this colloquy, Defendant maintained his decision to plead guilty and entered a plea of guilty to Count 1 of the Superseding Indictment. Defendant, defense counsel, and the Government then delivered the executed Plea Agreement to the Court. (ECF No. 116).

The Court finds the following with respect to Defendant's guilty plea:

1. Defendant's guilty plea is voluntary, knowing, and not the result of force, threats, or promises, except the promises contained in the Plea Agreement, and that Defendant is fully competent to enter into the Plea Agreement and plead guilty.
2. Defendant is aware of the maximum punishments, as well as the minimum punishments and other consequences that may result from his guilty plea.
3. Defendant knows his rights, including without limitation, his rights to a jury trial, and has voluntarily waived those rights.

4. There is sufficient factual basis for the plea and that Defendant is guilty of Count 1 of the Superseding Indictment.

Based on the foregoing, this Court **HEREBY RECOMMENDS THAT**, after conducting a *de novo* and independent review of the record and applicable law, the Court **ACCEPT** Defendant Edgar Martinez-Sanchez's plea of guilty to Count 1 of the Superseding Indictment.

Date: November 15, 2017

*s/ Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
District of Minnesota

*United States v. Martinez-Sanchez* (2)
Case No. 17-cr-29 (JNE/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.